13-4172-pr
Field v. Lord

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand fifteen.

PRESENT: DENNIS JACOBS,
           RAYMOND J. LOHIER, JR.,
              *Circuit Judges*,
           JESSE M. FURMAN,
              *District Judge*.*

-----------------------------------------------------------------

FELICIA FIELD,

                  *Petitioner-Appellant*,

          v.                       No. 13-4172-pr

ELAINE LORD, Superintendent, Bedford Hills Correctional Facility,

                  *Respondent-Appellee*.†

-----------------------------------------------------------------

---

* The Honorable Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

† The Clerk of the Court is instructed to amend the caption in this case as set forth above.

FOR APPELLANT: NATALIE REA, The Legal Aid Society, New York, NY.

FOR APPELLEE: DIANE R. EISNER (Leonard Joblove, Anthea H. Bruffee, *on the brief*), *for* Kenneth P. Thompson, Kings County District Attorney, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Felicia Field appeals from the District Court's denial of her petition for a writ of habeas corpus under 28 U.S.C. § 2254. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Field argues that her Sixth Amendment right to be confronted with the witnesses against her was violated when the prosecution introduced her stepsister's incriminating grand jury testimony at trial. Under our controlling law, a defendant's confrontation right may be waived if the prosecution demonstrates by a preponderance of the evidence that "a witness is absent by [the defendant's] own wrongful procurement." Reynolds v. United States, 98 U.S. 145, 158 (1878); see Perkins v. Herbert, 596 F.3d 161, 167 (2d Cir. 2010). Under New York law, waiver of the confrontation right requires the prosecution to prove misconduct on the part of the defendant by clear and convincing evidence. People v. Geraci, 85 N.Y.2d 359, 367 (1995). After considering the evidence proffered by the prosecution at a wrongful procurement hearing, the State trial court applied New York's clear and convincing evidence standard and found that Field wrongfully procured her stepsister's absence by dissuading her from testifying. Even if we were to determine, pursuant to 28 U.S.C. § 2254(d)(2), that the State trial court's finding was

2

unreasonable under the more exacting New York standard, this alone would not warrant habeas relief because "the petitioner still bears the ultimate burden of proving by a preponderance of the evidence that his constitutional rights have been violated." Cardoza v. Rock, 731 F.3d 169, 178 (2d Cir. 2013) (quotation marks omitted). We have reviewed the State court record and conclude that the evidence before the State trial court was sufficient for it reasonably to have found by a preponderance of the evidence that Field wrongfully procured her stepsister's absence at trial. That finding in turn supported the State trial court's conclusion that Field's Sixth Amendment right was not violated because it was waived.

Field also argues that her trial counsel provided her with ineffective assistance because he failed to object at trial to the prosecution's references to arguably inculpatory statements she made to psychiatric professionals. Assuming without deciding that trial counsel's representation fell below an objective standard of reasonableness with respect to the statements to the psychiatric professionals, there was ample additional evidence in the record to support Field's conviction, including her stepsister's grand jury testimony. Since Field was not prejudiced by the admission of her statements to psychiatric professionals, the State appellate court's decision to reject Field's ineffective assistance claim was not an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

We have considered Field's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

3